IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PEDDU PATTAISO,                          :
                Plaintiff      :
                                :
                v.            : No. 1:14-cv-00041-YK
                                :
RIM ALAHMAD, *et al.*,                    :
            Defendants       :

### DEFENDANTS, TARIK ALAHMAD'S AND RIM ALAHMAD'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, Tarik Alahmad and Rim Alahmad (collectively, "the Alahmads"), by and through their attorneys, Shumaker Williams, P.C., respectfully state and aver the following Answer to Plaintiff's Complaint.

### PRELIMINARY STATEMENT

1.      Admitted in part and denied in part.  It is admitted that the quotation found in Paragraph 1 is attributable to President Obama, who gave a speech at the Clinton Global Initiative on September 25, 2012.  Any characterization of this quote or inference to be derived from the quote is denied, as it refers to a writing or speech reduced to a writing, which speaks for itself.

2.      Denied.  The averments contained in Paragraph 2 are denied as conclusions of law, to which no response is necessary.  The averments contained in Paragraph 2 are further denied as the Alahmads lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein; therefore, the same are specifically denied and strict proof of the same is demanded.  It is specifically denied that the Alahmads preyed on Plaintiff, lured her to the United States, or otherwise exploited Plaintiff.

## PARTIES

3.      Denied.  The Alahmads lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3; therefore, the same are specifically denied and strict proof of the same is demanded.

4.      Admitted.

5.      Denied.  The Alahmads lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5; therefore, the same are specifically denied and strict proof of the same is demanded.

6.      Denied.  The Alahmads lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6; therefore, the same are specifically denied and strict proof of the same is demanded.

7.      Admitted upon information and belief.

8.      Denied.  The Alahmads lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8; therefore, the same are specifically denied and strict proof of the same is demanded.

9.      Denied.  The Alahmads lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9; therefore, the same are specifically denied and strict proof of the same is demanded.

10.     Denied.  The Alahmads lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10; therefore, the same are specifically denied and strict proof of the same is demanded.

## JURISDICTION AND VENUE

11.     Denied.  The averments contained in Paragraph 11 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 11 are denied and strict proof of the same is demanded.

12.     Denied.  The averments contained in Paragraph 12 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 12 are denied and strict proof of the same is demanded.  By way of further answer, it is specifically denied that a substantial part of the events giving rise to Plaintiff's claim against the Alahmads occurred in this District.  As Plaintiff has alleged in her Complaint, with the exception of a few months in 2008, she has not resided within this Court's jurisdiction since 2006.  Furthermore, the Alahmads are California residents and do not transact any business within this District.  With respect to Plaintiff's Racketeer Influenced and Corrupt Organizations ("RICO") claims, such claims have no merit with respect to the Alahmads.  Plaintiff offers no substantive facts in support of her RICO claims; instead, she merely alleges conclusions of law with no factual support. Therefore, it is believed that Plaintiff has only included RICO claims to take advantage of RICO's ability to extend personal jurisdiction of this Court to the Alahmads, who otherwise would not be subject to this Court's jurisdiction.

## FACTUAL ALLEGATIONS

### Defendants' Enterprise

13.     Denied.  The averments contained in Paragraph 13 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 13 are denied and strict proof of the same is demanded.  By way of further answer, it is specifically denied that the Alahmads were involved in a joint enterprise

with the other Defendants or were otherwise complicit in a common scheme to willfully and knowingly recruit, transport, harbor, and exploit women for the purposes of forced labor. Furthermore, despite alleging 19 causes of action, Plaintiff only provides three averments related to the Alahmads. Hurling such a severe allegation such as human trafficking against the Alahmads with no factual basis is extremely reckless.

14.     Denied. The Alahmads lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14; therefore, the same are specifically denied and strict proof of the same is demanded. It is specifically denied that the Alahmads know of or were otherwise complicit in any scheme or enterprise related to human trafficking or violations of the laws governing immigration. By way of further answer, despite alleging that all of the Defendants committed the acts averred in Paragraph 14, this paragraph is clearly directed to the Ziadehs. Plaintiff fails to distinguish between the Defendants and carelessly repeats this tactic throughout her Complaint.

## Plaintiff's "Recruitment"

15.     Denied. The Alahmads lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15; therefore, the same are specifically denied and strict proof of the same is demanded. By way of further answer, Plaintiff speaks Arabic and understands some English; therefore, she could communicate freely with the Alahmads and others.

16.     Denied. The Alahmads lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16; therefore, the same are specifically denied and strict proof of the same is demanded.

17.     Denied.  The Alahmads lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17; therefore, the same are specifically denied and strict proof of the same is demanded.  It is specifically denied that "Fatma" was acting as an agent for the Alahmads.  By way of further answer, the Alahmads do not know "Fatma" and, more importantly, have never requested anyone "recruit" people from foreign countries to work in the United States.  Again, Plaintiff's grouping of all of the Defendants together without any facts in support thereof is reckless pleading.

18.     Denied.  The Alahmads lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18; therefore, the same are specifically denied and strict proof of the same is demanded.  It is specifically denied that "Ipah" was acting as an agent for the Alahmads.  By way of further answer, the Alahmads do not know "Ipah" and never requested "Ipah" or anyone else to act on their behalf with respect to the averments contained in Paragraph 18.

19.     Denied.  The Alahmads lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19; therefore, the same are specifically denied and strict proof of the same is demanded.

20.     Denied.  The Alahmads lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20; therefore, the same are specifically denied and strict proof of the same is demanded.  It is specifically denied that the Alahmads knew or should have known that Plaintiff's immigration status may have been unlawful.  It is also specifically denied that the Alahmads "deliberately engineered this state of affairs with a common purpose of soliciting, facilitating, and/or obtaining Plaintiff's labor and services at far below fair market value."  By way of further answer, the Ziadehs' represented themselves as an

agency capable of locating and referring a competent, live-in housekeeper to the Alahmads.  The Ziadehs also represented that Plaintiff's immigration status was legal and proper.

## Plaintiff's Transportation to the United States

21.     Denied.  The Alahmads lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21; therefore, the same are specifically denied and strict proof of the same is demanded.

22.     Denied.  The Alahmads lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22; therefore, the same are specifically denied and strict proof of the same is demanded.  It is specifically denied that Ms. Ziadeh retained Plaintiff's passport on the Alahmads' behalf.  It is also specifically denied that the Alahmads intended for Plaintiff to believe that if she did not perform labor or services as a domestic servant and child-caretaker, she would suffer physical restraint, serious harm, or negative legal consequences, including deportation.  It is further specifically denied that the Alahmads exploited Plaintiff's lack of knowledge of English and the United States, isolation from friends and family, and fear of not paying off her "debts" to manipulate and control Plaintiff.

## Plaintiff's Forced Labor

23.     Denied.  The Alahmads lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23; therefore, the same are specifically denied and strict proof of the same is demanded.

24.     Denied.  The Alahmads lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24; therefore, the same are specifically denied and strict proof of the same is demanded.  By way of further answer, the fact that Plaintiff

was able to work in a hotel, chocolate factory, chicken packaging business, and a cereal company belie Plaintiff's previous averments that the Alahmads should have known about Plaintiff's immigration status.  Further, given Plaintiff's allegations in her Complaint, these businesses should have been added as additional defendants.

25.     Denied.  The Alahmads lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25; therefore, the same are specifically denied and strict proof of the same is demanded.

26.     Denied.  The Alahmads lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26; therefore, the same are specifically denied and strict proof of the same is demanded.

27.     Denied.  The Alahmads lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27; therefore, the same are specifically denied and strict proof of the same is demanded.

28.     Denied.  The Alahmads lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28; therefore, the same are specifically denied and strict proof of the same is demanded.

29.     Denied.  The Alahmads lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29; therefore, the same are specifically denied and strict proof of the same is demanded.

30.     Denied.  The Alahmads lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30; therefore, the same are specifically denied and strict proof of the same is demanded.

31.     Denied.  The Alahmads lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31; therefore, the same are specifically denied and strict proof of the same is demanded.

32.     Admitted in part, denied in part.  It is admitted that the Alahmads are a married couple residing in or near San Diego, California.  It is also admitted that the Alahmads paid a fee of $8,000.00.  By way of further answer, the $8,000.00 fee was to be split between Plaintiff and Ms. Ziadeh, with each receiving $4,000.00.  Furthermore, at the time the Alahmads agreed to hire Plaintiff, they had no knowledge of the alleged actions of Ms. Ziadeh that form the basis of Plaintiff's Complaint.  It is specifically denied that the Alahmads knew that Ms. Ziadeh had no right or authority to refer Plaintiff's services to the Alahmads and that the Alahmads intentionally disregarded the unauthorized and illegal circumstances of the transaction in order to secure household labor at a cost far below fair market value.

33.     Admitted in part, denied in part.  It is admitted that the Alahmads greeted Plaintiff at the San Diego airport and drove her to their home.  It is specifically denied that Plaintiff was housed in a small shed behind the house.  By way of further answer, Plaintiff had her own suite, which included a bedroom, bathroom and television with cable.  It is admitted that Plaintiff provided cleaning services to the Alahmads while residing with them; however, it is specifically denied that Plaintiff was a "child-caretaker" as the Alahmads' children were all teenagers and capable of taking care of themselves.  It is also specifically denied that Plaintiff was on-call at all hours of the day without breaks or time off, seven days per week.  By way of further answer, Plaintiff only worked five days out of any seven-day period and generally only four hours per day.  Plaintiff's job was limited to cleaning the house — she was not responsible for child-care, cooking, or laundry. It is admitted that Plaintiff received $1,000.00 per month for her services;

however, it is specifically denied that such amount was substantially below the federal and state minimum wage and overtime pay requirements.  In fact, given that Plaintiff generally only performed 20 hours of work in a work week, her pay exceeded the federal and state minimum wage requirements and she was not entitled to overtime pay.  It is specifically denied that Ms. Alahmad verbally abused Plaintiff, threatened to physically abuse Plaintiff, called Plaintiff names, or attempted to hit Plaintiff.  By way of further answer, Plaintiff was free to leave the Alahmads' house at anytime and frequently accompanied the Alahmads out in public.  The Alahmads provided Plaintiff with lodging, clothing, food, and healthcare.  Plaintiff had her own telephone and frequently used calling cards to call her family.  She also wired her wages directly to her family in Indonesia every month. The Alahmads speak Arabic and were able to communicate effectively with Plaintiff as she also spoke Arabic.  Plaintiff never mentioned any of the facts she now alleges in her Complaint and never appeared to be distressed or otherwise unhappy with her employment.  In fact, the only time she appeared unhappy was shortly before leaving the Alahmads in or about May 2011.  At that time she became irritable and angry at Ms. Alahmad for no discernable reason.

## Plaintiff's Escape

34.     Admitted in part, denied in part.  It is admitted that Plaintiff left the Alahmads' residence on or about May 19, 2011.  The remaining averments in Paragraph 34 are denied, as the Alahmads lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.  It is specifically denied that the Alahmads had any sort of improper "grip" upon Plaintiff.  To the contrary, Plaintiff was free to leave at any time.  It is also specifically denied that the Alahmads were attempting to trap Plaintiff in perpetual slavery.

35.     Denied.  The Alahmads lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35; therefore, the same are specifically denied and strict proof of the same is demanded.  By way of further answer, no criminal charges have ever been filed against the Alahmads as a result of Plaintiff's allegations.

36.     Denied.  The Alahmads lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36; therefore, the same are specifically denied and strict proof of the same is demanded.

## The Criminal Prosecution

37.     Denied.  The Alahmads lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37; therefore, the same are specifically denied and strict proof of the same is demanded.  By way of further answer, Paragraph 37 is directed to Ms. Ziadeh.

38.     Denied.  The Alahmads lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38; therefore, the same are specifically denied and strict proof of the same is demanded.  By way of further answer, Paragraph 38 is directed to the Ziadehs.

39.     Denied.  The Alahmads lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39; therefore, the same are specifically denied and strict proof of the same is demanded.  By way of further answer, Paragraph 39 is directed to the Ziadehs.

40.     Denied.  The Alahmads lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40; therefore, the same are specifically

denied and strict proof of the same is demanded.  By way of further answer, Paragraph 40 is directed to the Ziadehs.

## FIRST CLAIM FOR RELIEF
### Violation of RICO:  Participation in Racketeering Activity
### 18 U.S.C. §§ 1962(c), 1964
(Against All Defendants)

41.     Paragraph 41 is an incorporation paragraph to which no response is necessary.

42.     Denied.  The averments contained in Paragraph 42 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 42 are denied and strict proof of the same is demanded.

43.     Denied.  The averments contained in Paragraph 43 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 43 are denied and strict proof of the same is demanded.  It is specifically denied that the Alahmads were part of an "enterprise" with other Defendants or were complicit with any other Defendant's actions.

44.     Denied.  The averments contained in Paragraph 44 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 44 are denied and strict proof of the same is demanded.  It is specifically denied that the Alahmads "willfully and knowingly" engaged in a "pattern of racketeering activity" or otherwise acted improperly or illegally.

45.     Denied.  The averments contained in Paragraph 45 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 45 are denied and strict proof of the same is demanded.  It is specifically denied that the Alahmads acted improperly or illegally.

46.     Denied.  The averments contained in Paragraph 46 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 46 are denied and strict proof of the same is demanded.  It is specifically denied that Plaintiff has suffered damages as a result of the Alahmads' conduct.

## SECOND CLAIM FOR RELIEF
### Violation of RICO:  Conspiracy to Participate in Racketeering Activity
### 18 U.S.C. §§ 1962(d), 1964
(Against All Defendants)

47.     Paragraph 47 is an incorporation paragraph to which no response is necessary.

48.     Denied.  The averments contained in Paragraph 48 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 48 are denied and strict proof of the same is demanded.

49.     Denied.  The averments contained in Paragraph 49 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 49 are denied and strict proof of the same is demanded.  It is specifically denied that the Alahmads were part of an "enterprise" with other Defendants or were complicit with any other Defendant's actions.

50.     Denied.  The averments contained in Paragraph 50 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 50 are denied and strict proof of the same is demanded.  It is specifically denied that the Alahmads conspired to conduct or participate in the conduct of "the enterprise's affairs through a pattern of racketeering activity."  It is also specifically denied that the Alahmads participated in any scheme to avoid detection by immigration and other law enforcement authorities.

51.     Denied.  The averments contained in Paragraph 51 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 51 are denied and strict proof of the same is demanded.  It is specifically denied that the Alahmads agreed to engage in a "pattern of racketeering activity."  By way of further answer, Plaintiff fails to allege any facts supporting this and similar allegations.  It is also specifically denied that the Alahmads willfully and knowingly conspired to commit the offenses listed in Paragraph 51

52.     Denied.  The averments contained in Paragraph 52 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 52 are denied and strict proof of the same is demanded.  It is specifically denied that Plaintiff has suffered any damages as a result of the Alahmads' conduct.

## THIRD CLAIM FOR RELIEF
### Violation of TVPRA:  Forced Labor
### 18 U.S.C. §§ 1589(a), 1595
(Against All Defendants)

53.     Paragraph 53 is an incorporation paragraph to which no response is necessary.

54.     Denied.  The averments contained in Paragraph 54 constitute conclusions of law to which no response is necessary.  To the extent a response is to be deemed necessary, the averments of Paragraph 54 are denied and strict proof of the same is demanded.  It is specifically denied that the Alahmads willfully and knowingly provided or obtained Plaintiff's labor and services by force, physical restraint, serious harm, threats, abuse, or through any other improper or illegal means.  By way of further answer, the Alahmads paid Plaintiff a fair wage and provided her with excellent accommodations while she resided with them.  Furthermore, Plaintiff was free to leave at any time.

55.     Denied.  The averments contained in Paragraph 55 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 55 are denied and strict proof of the same is demanded.

56.     Denied.  The averments contained in Paragraph 56 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 56 are denied and strict proof of the same is demanded.  It is specifically denied that Plaintiff has suffered any damages as a result of the Alahmads' conduct.

**FOURTH CLAIM FOR RELIEF**
**Violation of TVPRA:  Conspiracy to Engage in Forced Labor**
**18 U.S.C. §§ 1594(b), 1589(a), 1595**
(Against All Defendants)

57.     Paragraph 57 is an incorporation paragraph to which no response is necessary.

58.     Denied.  The averments contained in Paragraph 58 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 58 are denied and strict proof of the same is demanded.  It is specifically denied that the Alahmads conspired or agreed with the other Defendants to commit any improper or illegal conduct.  The Alahmads incorporate their response to Paragraph 54 herein.

59.     Denied.  The averments contained in Paragraph 59 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 59 are denied and strict proof of the same is demanded.

60.     Denied.  The averments contained in Paragraph 60 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 60 are denied and strict proof of the same is demanded.  It is specifically denied that Plaintiff has suffered any damages as a result of the Alahmads' conduct.

**FIFTH CLAIM FOR RELIEF**
**Violation of TVPRA:  Trafficking**
**18 U.S.C. §§ 1590(a), 1595**
(Against All Defendants)

61.     Paragraph 61 is an incorporation paragraph to which no response is necessary.

62.     Denied.  The averments contained in Paragraph 62 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 62 are denied and strict proof of the same is demanded.  It is specifically denied that the Alahmads willfully and knowingly recruited, harbored, transported, provided, or obtained Plaintiff for purposes of forced labor.

63.     Denied.  The averments contained in Paragraph 63 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 63 are denied and strict proof of the same is demanded.

64.     Denied.  The averments contained in Paragraph 64 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 64 are denied and strict proof of the same is demanded.  It is specifically denied that Plaintiff has suffered any damages as a result of the Alahmads' conduct.

**SIXTH CLAIM FOR RELIEF**
**Violation of TVPRA:  Conspiracy to Engage in Trafficking**
**18 U.S.C. §§ 1594(b), 1590(a), 1595**
(Against All Defendants)

65.     Paragraph 65 is an incorporation paragraph to which no response is necessary.

66.     Denied.  The averments contained in Paragraph 66 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 66 are denied and strict proof of the same is demanded.  It is specifically

denied that the Alahmads conspired and agreed with the other Defendants to recruit, harbor, transport, provide, or obtain Plaintiff for purposes of forced labor.

67.    Denied.  The averments contained in Paragraph 67 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 67 are denied and strict proof of the same is demanded.

68.    Denied.  The averments contained in Paragraph 68 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 68 are denied and strict proof of the same is demanded.  It is specifically denied that Plaintiff has suffered any damages as a result of the Alahmads' conduct.

**SEVENTH CLAIM FOR RELIEF**
**Violation of TVPRA:  Benefiting from Forced Labor and Trafficking**
**18 U.S.C. §§ 1589(b), 1595**
(Against All Defendants)

69.    Paragraph 69 is an incorporation paragraph to which no response is necessary.

70.    Denied.  The averments contained in Paragraph 70 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 70 are denied and strict proof of the same is demanded.  It is specifically denied that the Alahmads willfully and knowingly participated in a venture that engaged in providing or obtaining Plaintiff's forced labor and/or trafficking Plaintiff for purposes of forced labor.

71.    Denied.  The averments contained in Paragraph 71 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 71 are denied and strict proof of the same is demanded.  It is specifically denied that the Alahmads had any knowledge regarding any venture or enterprise involving all or some of the other Defendants.

72.     Denied.  The averments contained in Paragraph 72 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 72 are denied and strict proof of the same is demanded.  It is specifically denied that the Alahmads financially benefited from any venture or enterprise involving the other Defendants.

73.     Denied.  The averments contained in Paragraph 73 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 73 are denied and strict proof of the same is demanded.

74.     Denied.  The averments contained in Paragraph 74 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 74 are denied and strict proof of the same is demanded.

## EIGHTH CLAIM FOR RELIEF
**Violation of TVPRA:  Conducting Concerning Immigration Documents**
**18 U.S.C. §§ 1595, 1597**
(Against Defendant Nura Ziadeh)

75.     Paragraph 75 is an incorporation paragraph to which no response is necessary.

76.     Paragraph 76 is directed to a Defendant other than the Alahmads; therefore, no response is required of them.

77.     Paragraph 77 is directed to a Defendant other than the Alahmads; therefore, no response is required of them.

78.     Paragraph 78 is directed to a Defendant other than the Alahmads; therefore, no response is required of them.

## NINTH CLAIM FOR RELIEF
### Violation of TVPRA:  Conspiracy Concerning Immigration Documents
### 18 U.S.C. §§ 1594(b), 1595, 1597
(Against All Defendants)

79.     Paragraph 79 is an incorporation paragraph to which no response is necessary.

80.     Denied.  The averments contained in Paragraph 80 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 80 are denied and strict proof of the same is demanded.  It is specifically denied that the Alahmads conspired and agreed with the other Defendants to conceal, remove, confiscate, or possess Plaintiff's immigration documents in order to unlawfully maintain, prevent, or restrict Plaintiff's labor or services.

81.     Denied.  The averments contained in Paragraph 81 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 81 are denied and strict proof of the same is demanded.

82.     Denied.  The averments contained in Paragraph 82 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 82 are denied and strict proof of the same is demanded.  It is specifically denied that Plaintiff has suffered any damages as a result of the Alahmads' conduct.

## TENTH CLAIM FOR RELIEF
### Violation of the FLSA:  Failure to Pay Minimum Wage and Overtime Pay
### 29 U.S.C. §§ 206, 207, 216(b)
(Against All Defendants)

83.     Paragraph 83 is an incorporation paragraph to which no response is necessary.

84.     Denied.  The averments contained in Paragraph 84 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 84 are denied and strict proof of the same is demanded.

85.     Denied.  The averments contained in Paragraph 85 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 85 are denied and strict proof of the same is demanded.  It is specifically denied that the Alahmads failed to pay the statutory minimum wage and overtime pay for Plaintiff's labor and services.  By way of further answer, because Plaintiff was a "live-in" domestic service provider, she is exempt from FLSA's overtime requirements.  Furthermore, the Alahmads paid Plaintiff a wage far in excess of the statutory minimum wage.

86.     Denied.  The averments contained in Paragraph 86 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 86 are denied and strict proof of the same is demanded.  It is specifically denied that Plaintiff has suffered any damages as a result of the Alahmads' conduct.

**<u>ELEVENTH CLAIM FOR RELIEF</u>**
**Violation of the Pennsylvania Minimum Wage Act: Failure to Pay Minimum**
**Wage and Overtime Pay**
**43 Pa. Const. Stat. §§ 333.104, 333.113**
(Against Defendants Mannatullah Ziadeh, Nura Ziadeh, and Rashid Ziadeh)

87.     Paragraph 87 is an incorporation paragraph to which no response is necessary.

88.     Paragraph 88 is directed to Defendants other than the Alahmads; therefore, no response is required of them.

89.     Paragraph 89 is directed to a Defendant other than the Alahmads; therefore, no response is required of them.

90.     Paragraph 90 is directed to a Defendant other than the Alahmads; therefore, no response is required of them.

## TWELFTH CLAIM FOR RELIEF
### Violation of the California Labor Code:  Failure to Pay Minimum Wage and
### Overtime Pay
### Cal. Labor Code §§ 1194, 1197, 1198
(Against Defendants Rim Alahmad and Tarik Alahmad)

91.     Paragraph 91 is an incorporation paragraph to which no response is necessary.

92.     Admitted.

93.     Denied.  The averments contained in Paragraph 93 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 93 are denied and strict proof of the same is demanded.  It is specifically denied that the Alahmads willfully and knowingly failed to pay Plaintiff the statutory minimum wage and overtime pay.  By way of further answer, Plaintiff was paid a wage in excess of the statutory minimum wage.  Furthermore, as Plaintiff worked far less than 45 hours in any given seven-day period, she was not entitled to receive overtime pay.

94.     Denied.  The averments contained in Paragraph 94 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 94 are denied and strict proof of the same is demanded.  It is specifically denied that Plaintiff has suffered any damages as a result of the Alahmads' conduct.

## THIRTEENTH CLAIM FOR RELIEF
### Quantum Meruit
(Against All Defendants)

95.     Paragraph 95 is an incorporation paragraph to which no response is necessary.

96.     Denied.  The averments contained in Paragraph 96 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 96 are denied and strict proof of the same is demanded.  By way of

further answer, Plaintiff received a fair wage for the services she performed, as well as numerous other benefits provided to her by the Alahmads.

97.     Denied.  The averments contained in Paragraph 97 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 97 are denied and strict proof of the same is demanded.  It is specifically denied that the Alahmads failed to fairly compensate Plaintiff.  By way of further answer, Plaintiff received a fair wage for the services she performed, as well as numerous other benefits provided to her by the Alahmads.

98.     Denied.  The averments contained in Paragraph 98 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed necessary, the averments of Paragraph 98 are denied and strict proof of the same is demanded.  It is specifically denied that Plaintiff has suffered any damages as a result of the Alahmads' conduct.

**FOURTEENTH CLAIM FOR RELIEF**
**Unjust Enrichment**
(Against All Defendants)

99.     Paragraph 99 is an incorporation paragraph to which no response is necessary.

100.     Denied.  The averments contained in Paragraph 100 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 100 are denied and strict proof of the same is demanded.

101.     Denied.  The averments contained in Paragraph 101 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed necessary, the averments of Paragraph 101 are denied and strict proof of the same is demanded.  It is specifically denied that the Alahmads failed to fairly compensate Plaintiff.  By way of further answer, Plaintiff

received a fair wage for the services she performed, as well as numerous other benefits provided to her by the Alahmads.

102.    Denied.  The averments contained in Paragraph 102 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 102 are denied and strict proof of the same is demanded.  It is specifically denied that the Alahmads have been unjustly enriched.  By way of further answer, Plaintiff received a fair wage for the services she performed, as well as numerous other benefits provided to her by the Alahmads.

103.    Denied.  The averments contained in Paragraph 103 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 103 are denied and strict proof of the same is demanded.  It is specifically denied that Plaintiff has suffered any damages as a result of the Alahmads' conduct.

## FIFTEENTH CLAIM FOR RELIEF
### Unjust Enrichment
(Against Defendant Nura Ziadeh)

104.    Paragraph 104 is an incorporation paragraph to which no response is necessary.

105.    Paragraph 105 is directed to a Defendant other than the Alahmads; therefore, no response is required of them.

106.    Paragraph 106 is directed to a Defendant other than the Alahmads; therefore, no response is required of them.

107.    Paragraph 107 is directed to a Defendant other than the Alahmads; therefore, no response is required of them.

108.    Paragraph 108 is directed to a Defendant other than the Alahmads; therefore, no response is required of them.

## SIXTEENTH CLAIM FOR RELIEF
### Infliction of Emotional Distress
(Against All Defendants)

109.    Paragraph 109 is an incorporation paragraph to which no response is necessary.

110.    Denied.  The averments contained in Paragraph 110 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 110 are denied and strict proof of the same is demanded.

111.    Denied.  The averments contained in Paragraph 111 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 111 are denied and strict proof of the same is demanded.

112.    Denied.  The averments contained in Paragraph 112 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 112 are denied and strict proof of the same is demanded.  It is specifically denied that Plaintiff has suffered any damages as a result of the Alahmads' conduct.

## SEVENTEENTH CLAIM FOR RELIEF
### Negligent Infliction of Emotional Distress
(Against All Defendants)

113.    Paragraph 113 is an incorporation paragraph to which no response is necessary.

114.    Denied.  The averments contained in Paragraph 114 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 114 are denied and strict proof of the same is demanded.  By way of further answer, Plaintiff had her own telephone that she used to communicate with others, was free to leave at any time, and frequently accompanied the Alahmads in public.

115.     Denied.  The averments contained in Paragraph 115 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 115 are denied and strict proof of the same is demanded.

116.     Denied.  The averments contained in Paragraph 116 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 116 are denied and strict proof of the same is demanded.  It is specifically denied that Plaintiff has suffered any damages as a result of the Alahmads' conduct.

**EIGHTEENTH CLAIM FOR RELIEF**
**Breach of Contract**
(Against All Defendants)

117.     Paragraph 117 is an incorporation paragraph to which no response is necessary.

118.     Denied as stated.  It is specifically denied that all of the Defendants shared a contract with Plaintiff.

119.     Denied.  The averments contained in Paragraph 119 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed necessary, the averments of Paragraph 119 are denied and strict proof of the same is demanded.

120.     Denied.  The averments contained in Paragraph 120 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 120 are denied and strict proof of the same is demanded.

121.     Denied.  The averments contained in Paragraph 121 constitute conclusions of law to which no response is necessary.  To the extent a response is deemed to be necessary, the averments of Paragraph 121 are denied and strict proof of the same is demanded.  It is specifically denied that Plaintiff has suffered any damages as a result of the Alahmads' conduct.

## NINETEENTH CLAIM FOR RELIEF
### Conversion
(Against Defendant Nura Ziadeh)

122.    Paragraph 122 is an incorporation paragraph to which no response is necessary.

123.    Paragraph 123 is directed to a Defendant other than the Alahmads; therefore, no response is required of them.

124.    Paragraph 124 is directed to a Defendant other than the Alahmads; therefore, no response is required of them.

125.    Paragraph 125 is directed to a Defendant other than the Alahmads; therefore, no response is required of them.

126.    Paragraph 126 is directed to a Defendant other than the Alahmads; therefore, no response is required of them.

The Alahmads deny any and all allegations contained in Plaintiff's Requested Relief and specifically deny that Plaintiff is entitled to any relief stated therein from the Alahmads.

## AFFIRMATIVE DEFENSES

By and for their Affirmative Defenses, the Alahmads state the following:

### First Affirmative Defense

1.    Plaintiff's Complaint fails to state a claim upon which relief may be granted against the Alahmads.

### Second Affirmative Defense

2.    This Court lacks personal jurisdiction over the Alahmads.

### Third Affirmative Defense

3.    Plaintiff's claims are barred by the applicable statutes of limitations as the events giving rise to Plaintiff's Complaint began approximately twelve years ago.

### Fourth Affirmative Defense

4.      Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### Fifth Affirmative Defense

5.      Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### Sixth Affirmative Defense

6.      Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### Seventh Affirmative Defense

7.      Plaintiff's claims are barred, in whole or in part, by the doctrine of payment.

### Eighth Affirmative Defense

8.      Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### Ninth Affirmative Defense

9.      Plaintiff has filed this action in an improper venue.

### Tenth Affirmative Defense

10.      Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Eleventh Affirmative Defense

11.      Plaintiff's claims and requests for damages are barred, in whole or in part, by the doctrine of unjust enrichment.

### Twelfth Affirmative Defense

12.      Plaintiff's claims are barred, in whole or in part, by the doctrine of failure of consideration and/or lack of consideration.

<u>Thirteenth Affirmative Defense</u>

13.     Plaintiff's claims with respect to the FLSA are barred, in whole or in part, by the fact that Plaintiff was a live-in domestic services provider.

<u>Fourteenth Affirmative Defense</u>

14.     Plaintiff has failed to join necessary additional defendants.

**<u>REQUESTED RELIEF</u>**

WHEREFORE, Defendants, Tarik Alahmad and Rim Alahmad, respectfully request this Honorable Court to enter judgment in their favor and against Plaintiff.

SHUMAKER WILLIAMS, P.C.

Dated:  April 17, 2014                              By <u>/s Evan C. Pappas                              </u>
                                                                    Evan C. Pappas, PA 200103
                                                                    Kenneth J. McDermott, PA 205555
                                                                    P.O. Box 88
                                                                    Harrisburg, PA  17108
                                                                    Telephone  (717) 763-1121
                                                                    Telecopier:  (717) 763-7419
                                                                    pappas@shumakerwilliams.com
                                                                    mcdermott@shumakerwilliams.com
                                                                    *Attorneys for Defendants, Tarik and Rim Alahmad*

:259381

27

<u>**CERTIFICATE OF SERVICE**</u>

I, Evan C. Pappas, Esquire, of the law firm of Shumaker Williams, P.C., hereby certify that I served a true and correct copy of Defendants, Tarik Alahmad and Rim Alahmad's Answer to Plaintiff's Complaint via the Court's ECF system and via first-class mail as addressed below:

Devin A. Slack, Esquire
Orrick, Herrington & Sutcliffe LLP
51 W. 52nd Street
New York, NY  10019-6142
dslack@orrick.com
*Attorneys for Plaintiffs*

Hsiwen Lo, Esquire
Mark P. Wine, Esquire
Orrick, Herrington & Sutcliffe LLP
2050 Main Street, Suite 1100
Irvine, CA  92614
hlo@orrick.com
mwine@orrick.com
*Attorneys for Plaintiffs*

Lawrence H. Pockers, Esquire
Duane Morris LLP
30 South 17th Street
Philadelphia, PA  19103-4196
LHPockers@duanemorris.com
*Attorneys for Plaintiffs*

Rashid A. Ziadeh
1601 Colonial Road
Harrisburg, PA  17112

Nura Ziadeh, Inmate #70514-067
Danbury Federal Correctional Institute
Route 37
Danbury, CT  06811

SHUMAKER WILLIAMS, P.C.

Dated:  April 17, 2014

By  /s Evan C. Pappas
    Evan C. Pappas
    P.O. Box 88
    Harrisburg, PA 17108
    (717) 763-1121