IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PEDDU PATTAISO,<br><br>   Plaintiff,<br><br>  v.<br><br>RIM ALAHMAD, TARIK ALAHMAD, MANNATULLAH ZIADEH, NURA ZIADEH, RASHID ZIADEH, and DOES # 1-10,<br><br>   Defendants. | Civil Action No. 14-cv-00041-YK<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff Peddu Pattaiso, by and through her undersigned counsel, submits this Memorandum in support of her Motion for Leave to File Amended Complaint.

**I. STATEMENT OF FACTS, PROCEDURAL HISTORY, AND QUESTIONS INVOLVED**

Plaintiff has brought this action asserting numerous claims as a victim of human trafficking. Plaintiff did not know the identities of all of the individuals involved in her trafficking at the time she filed her Complaint, due to her incapability of reading and writing in her native language, and of communicating in English, compounded with obfuscation, deception, and manipulation of others (which are part and parcel to human trafficking).

Plaintiff cannot read or write in Indonesian or English. *See* Original

Complaint (ECF No. 1), ¶15.  As part of their scheme, Defendants exploited Plaintiff's lack of education and ability to communicate.  *See id.* at ¶22.  When Plaintiff filed her Complaint, she identified ten "Doe Defendants" whose identities were not yet known.

Plaintiff filed her original Complaint on January 13, 2014.  ECF No. 1  Defendants Tarik Alahmad and Rim Alahmad (the "Alahmads") answered the Complaint on April 17, 2014.  ECF No. 24.  On July 11, 2014, the parties stipulated to the voluntary dismissal of the Alahmads from this proceeding.  ECF No. 37.  On August 18, 2014, this Court ordered that this matter be stayed pending the bankruptcy proceedings commenced by Defendants Nura Ziadeh and Rashid Ziadeh (the "Ziadehs"), and, in the same Order, the court dismissed all claims against Mannatullah Ziadeh without prejudice.  ECF No. 40.

Plaintiff has reached a settlement agreement with the Ziadehs, which was approved by the Bankruptcy Court on February 24, 2015.  *See* Case No. 1:14-ap-00130-MDF, ECF No. 31(Feb. 24, 2015).  On April 24, 2015, the parties stipulated to the dismissal with prejudice of the Ziadehs, but also stipulated that this action is not dismissed as to any of the remaining Doe Defendants.  ECF No. 47.

Plaintiff seeks to amend her Complaint to include new information relating thereto regarding Sameh Nabelsi and his wife Dima Sibai (or Dima Nabelsi Sibai) (collectively, "the Nabelsis"), who were previously identified as Doe Defendants

#3 and #4 in the Complaint. Plaintiff only recently discovered the Nabelsis' identities through the settlement reached with the Ziadehs. In light of this new information, Plaintiff also seeks to amend her Complaint to include claims for violations of Illinois' minimum wage, overtime, and wage payment laws as well as Arizona's minimum wage law.

In addition, Plaintiff respectfully requests the Court to lift the stay of the case if the Court grants the present motion.

The issue before this Court on this Motion is whether to grant Plaintiff leave to amend her Complaint to include this recently-discovered information about the Defendants and additional claims based thereon.

## II.   ARGUMENT

Plaintiff seeks leave of the Court, which Rule 15(a)(2) commends should be freely given whenever justice so requires. Fed. R. Civ. P. 15(a)(2). It should "be freely granted, unless there is a showing of 'undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure the deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" *Ferrari, S.p.A. v. Antonacci*, 858 F. Supp. 478, 480 (E.D. Pa. 1994) (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Supreme Court has instructed that although "the grant or denial of an

opportunity to amend is within the discretion of the District Court,…outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely an abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman*, 371 U.S. at 182. Rule 15(a) "embodies the liberal pleading philosophy of the federal rules" in order to ensure that claims will be decided on their merits. *Adams v. Gould*, 739 F.2d 858, 864 (3d Cir. 1984), *cert denied*, 469 U.S. 1122 (1985); *Dole v. Arco Chemical Co.*, 921 F.2d 484, 487 (3d Cir. 1990).

The Third Circuit "has interpreted these factors to emphasize that prejudice to the nonmoving party is the touchstone for the denial of a request for leave to amend." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989). "But the non-moving party must do more than merely claim prejudice; 'it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the ... amendments been timely.'" *Id.* (*quoting Heyl & Patterson Int'l, Inc. V. F.D. Rich Housing*, 663 F.2d 419, 426 (3d Cir. 1981)).

There is "no presumptive period in which a motion for leave to amend is deemed 'timely' or in which delay becomes 'undue'." *See Arthur v. Maersk, Inc.*, 434 F.3d 196, 205 (3d Cir. 2006); *see also Fehr v. Sus-Q Cyber Charter School*, 2015 U.S. Dist. LEXIS 21223, No. 13-01871 at *4 (M.D. Pa. Feb. 23, 2015), *citing*

*Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978) ("As delay alone is an insufficient ground to deny leave to amend, we see no basis to deny leave for the thirteen month delay.")

This Court has previously granted motions for leave to amend where a plaintiff was mistaken as to the identity of a defendant but later discovered information about the defendant's identity. *See, e.g., Isenhour v. R.M.L., Inc.*, 2015 U.S. Dist. LEXIS 41625, No. 14-CV-1170, M.D. Pa. Mar. 31, 2015).

Allowing Plaintiff to amend her Complaint to include the identities of the Doe Defendants and new information regarding the Nabelsis is not futile and does not present the potential for any prejudice, much less undue prejudice to Defendants, especially in view of the fact that only the Doe defendants remain in the present action.

Plaintiff's proposed amendments would add the identities and relevant other information about Defendants in this case that had been previously concealed from her or, at the very least, was otherwise unknown to her until recently. In light of this new information, Plaintiff also seeks to amend her Complaint to include claims for violations of Illinois' minimum wage, overtime, and wage payment laws as well as Arizona's minimum wage law. Defendants will have ample opportunity to conduct any discovery that could be necessary to mount a defense. In contrast, if Plaintiff's Motion for Leave to Amend is not granted Plaintiff will be forced to file

a separate action against the Nabelsis—a course of action contravening principals of judicial economy at undue prejudice to Plaintiff.

Accordingly, the Court should grant the present motion.

### III. CONCLUSION

Plaintiff seeks in good faith to amend her Complaint. Plaintiff's proposed amendment is not futile and does not present the potential for prejudice to Defendants, who will have a full and fair opportunity to develop any defenses to Plaintiff's claims. Accordingly, Plaintiff respectfully submits that the Court grant the present motion for leave to file an Amended Complaint.

Dated:  May 29, 2015         Respectfully submitted,


By: *s/ Hsiwen Lo*

ORRICK HERRINGTON & SUTCLIFFE LLP
Mark Wine  (*Pro Hac Vice*)
mwine@orrick.com
Bar No. CA 189897

Hsiwen Lo (*Pro Hac Vice*)
hlo@orrick.com
Bar No. CA 286649

2050 Main Street, Suite 1100
Irvine, California 92614-8255
Telephone:  +1-949-567-6700
Facsimile:   +1-949-567-6710

DUANE MORRIS LLP
Lawrence H. Pockers
lhpockers@duanemorris.com
Bar No. PA 84589

30 S. 17th Street
Philadelphia, Pennsylvania  19103-4196
Telephone:  +1-215-979-1153
Facsimile:   +1-215-689-3761

- 8 -

## **CERTIFICATE OF SERVICE**

    I, Hsiwen Lo, hereby certify that on May 29, 2015, I caused the foregoing paper to be filed via ECF and served electronically upon all counsel of record.

*s/ Hsiwen Lo*      .
Hsiwen Lo
